IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID G. EBERSOLE,<br>　　　　　　Plaintiff | : <br> : Civil Action No. 3:01CV 01924 <br> : |
| v. | : <br> : |
| LIEUTENANT KECK, JOHN J. BENNING, Sr., BRUCE BURGESS, MIKE ENK, STEVE LIDDICK, ROBERT SHELLENBERGER, WILLIAM HARTLEY, ZODA ZAUERS, "JOHN DOE" GILNETTE, "R.H.U GUARDS ( 1st & 2nd SHIFT, 9-10-01 to 9-21-01)," all employees of SCI-Camp Hill,<br>　　　　　　Defendants | : Judge Jones <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## ORDER

July, 15 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 26, 2005 we transferred the above-captioned action to Magistrate Judge Thomas M. Blewitt for resolution of the then pending discovery motions. On July 7, 2005, the Magistrate Judge issued an Order resolving the pending discovery motions. (Rec. Doc. 190). On July 15, 2005, Plaintiff David G. Ebersole filed a Nunc Pro Tunc-Filed Appeal of Magistrate Judge's Report, Recommendation & Final Decisions' Entered in Assignment of Discovery Matter

1

(Rec. Doc. 193).

Pursuant to 28 U.S.C. § 636(b)(1)(A), we may only disturb the Magistrate Judge's Order if it is "clearly erroneous or contrary to law." Upon review, we are neither persuaded by any of the Plaintiff's objections nor do we find that any portion of the Magistrate Judge's Order is either clearly erroneous or contrary to law.[1]

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Nunc Pro Tunc-Filed Appeal of Magistrate Judge's Report, Recommendation & Final Decisions' Entered in Assignment of Discovery Matter (Rec. Doc. 197) is DENIED.

_____
John E. Jones III
United States District Judge

---

[1] We note that Plaintiff's Nunc Pro Tunc Motion does not actually include any objections related to the contents of the Magistrate Judge's Order resolving the discovery disputes. (Rec. Doc. 190). Rather, Plaintiff only contests the Magistrate Judge's Order that he not be provided full transcript of the discovery hearing held July 1, 2005. (See Rec. Doc. 191). Insofar as the instant Motion actually requests that he be provided with the transcript of that hearing, we agree with the Magistrate Judge that in light of the detailed Order memorializing the stipulations reached at the July 1, 2005 hearing, production of the voluminous transcript is unnecessary.