IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID G. EBERSOLE,                      :
                                        :
                          Plaintiff     :        Civil No. 3:01CV 01924
                                        :
            v.                          :
                                        :        Judge Jones
COMMONWEALTH OF                         :
PENNSYLVANIA, et. al,                   :
                          Defendants    :

## ORDER

### May 3, 2006

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This Court is in recent receipt of a *pro se* submission by Plaintiff David G.

Ebersole ("Plaintiff" or "Ebersole") entitled "Plaintiff's Motion for Abatement of

Case and to Appoint Counsel to Assist from Pro Bono Panel of Lawyers."

Previously, on April 17, 2006, we filed to the docket a letter that was sent to the

Plaintiff informing him that any *pro se* filings would be discarded if inappropriate,

in light of the fact that the Plaintiff is presently represented by appointed counsel

in this matter.  We construe this most recent *pro se* filing as both  motion to vacate

the appointment of Samuel C. Stretton, Esq. as Plaintiff's counsel in the above-

captioned matter and also as a motion for appointment of new counsel.  Inasmuch

1

as this filing is an appropriate *pro se* motion, we shall direct the Clerk to file the said submission to the docket.

On August 12, 2005, we entered an Order (doc. 199) appointing Attorney Stretton to represent Ebersole in this action. To date, Attorney Stretton has ably and commendably represented and advocated for the Plaintiff, and we are wholly disinclined to vacate our Order (doc. 199) appointing him as counsel for Plaintiff. Accordingly, we will deny the Plaintiff's Motion. We will give the Plaintiff leave to re-file a motion to vacate our August 12, 2005 Order, however we caution the Plaintiff that we are not disposed to appoint another attorney to represent him in this action. Therefore, in the event that Plaintiff files another motion to vacate Attorney Stretton's appointment, and if said motion is granted by this Court, the Plaintiff will thereafter have as his options either to proceed in a *pro se* capacity, or secure private counsel on his own. We strongly discourage Plaintiff from choosing such a course of action, since as noted the docket reveals that Attorney Stretton has fulfilled his professional obligations to Plaintiff in every way.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Clerk shall file to the docket the document entitled "Plaintiff's Motion for Abatement of Case and to Appoint Counsel to Assist from Pro Bono Panel of Lawyers" as a Motion to Vacate Order of August

2

12, 2005, and Motion for Appointment of Counsel.

2.     The Motion to Vacate Order of August 12, 2005 and Motion for

Appointment of Counsel are DENIED without prejudice.


John E. Jones III
United States District Judge